child sexually abusive material on the Internet constitutes "knowing possession" of such material under MCL 750.145c(4); and (2) whether the presence of automatically created "temporary internet files" on a computer hard drive may amount to "knowing possession" of child sexually abusive material or may be circumstantial evidence that defendant "knowingly possessed" such material in the past.

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issue presented in this case may move the Court for permission to file briefs amicus curiae. Court of Appeals Nos. 278531 and 277925.

*Leave to Appeal Denied May 29, 2009:*

PEOPLE V FULLER, No. 137121; Court of Appeals No. 285610.

KELLY, C.J., and MARKMAN and HATHAWAY, JJ. We would grant leave to appeal to consider whether *People v Gubachy*, 272 Mich App 706 (2006), was correctly decided and, if so, whether it controls the outcome of this case.

BEASLEY V STATE OF MICHIGAN, No. 137414; Court of Appeals No. 283725.

KELLY, C.J. (*concurring*). Plaintiff was injured in an automobile accident involving a state-owned vehicle driven by a state employee. The employee reported the accident to the state, which assigned the matter to its contractual insurance administrator, Crawford and Company. James Turner, who worked for Crawford, contacted plaintiff and gave him the claim number assigned to the accident.

Turner obtained information from plaintiff about the accident and his injuries. Later, plaintiff's attorney advised Crawford to forward all future correspondence and inquiries to him. Over the next few months, plaintiff's attorney and Crawford exchanged letters and medical records about plaintiff's injuries. Turner eventually advised plaintiff's attorney that the state would not settle.

Plaintiff then sued both the driver and the state. Defendant sought summary disposition relying on *Rowland v Washtenaw Co Rd Comm*,[1] claiming that plaintiff had failed to comply with the six-month notice requirement of MCL 600.6431(3). The Court of Claims denied the motion, and the Court of Appeals denied leave to appeal.

Defendant here renews its argument that plaintiff failed to comply with the notice requirement in MCL 600.6431(3). It contends that the reasoning in *Rowland* is directly applicable to this case. However, it is not. *Rowland* interpreted the notice provision of MCL 691.1404(1). This case is governed by an entirely different provision—MCL 600.6431(3). Therefore, although *Rowland* may be similar to this case, it is distinguishable. *Rowland* does not dictate the outcome here because it involves a different statutory provision.

---

[1] *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007).